UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § | Case No. 24-10723-smr | |
| JEREKA RENEE THOMAS-HOCKADAY, § | | |
| DEBTOR. § | CHAPTER 7 | |
| CITY OF AUSTIN, § | | |
| Plaintiff § | | |
| § | | |
| v. § | ADVERSARY NO. _____ | |
| § | | |
| JEREKA RENEE THOMAS-HOCKADAY § | | |
| § | | |
| Defendant. § | | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Comes now City of Austin (the "**Plaintiff**" or "**City**"), and for its Complaint to Determine the Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2) states as follows:

**PARTIES**

1. Plaintiff can be served through its counsel of record in this proceeding.

2. Defendant Jereka Renee Thomas-Hockaday (the "**Defendant**" or "**Debtor**") is a debtor in the above-captioned Chapter 7 bankruptcy case and can be served at 13203 Viento Del Sur Street, Manchaca, Texas 78652.

**JURISDICTION AND VENUE**

3. The Court may exercise subject matter jurisdiction over this action under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4. Plaintiff consents to the entry of final orders by this Court in this matter.

5. Venue is proper under 28 U.S.C. § 1409(a) because this is a matter arising in or related to a case under Title 11.

6. This Court has personal jurisdiction over the Defendant because she resides in this District.

## FACTS

7. On June 26, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 the ("**Bankruptcy Code**").

8. Prior to the Petition Date, a non-profit career college co-founded by Debtor, Central Texas Allied Health Institute ("**CTAHI**"), was overpaid approximately $417,000 in City funds earmarked to combat the COVID-19 pandemic after CTAHI submitted falsified invoices and bank statements to the City. Debtor personally participated in CTAHI's falsification of documents.

9. CTAHI trained students for healthcare careers and reportedly ceased operations after its fraud on the City was made public. Debtor co-founded CTAHI and was one of its directors. Todd Hamilton was campus president of CTAHI, a director of CTAHI, and was responsible for its finances.

10. On or about September 18, 2020, the City entered into a $200,000 contract with CTAHI to train patient care technicians and medical assistants to test patients for COVID-19. This "Workforce Development Contract" is attached as **Exhibit A** and is incorporated by reference.

11. The Workforce Development Contract was amended on or about September 28, 2021, to exercise a 12-month extension option, thereby adding an additional $200,000 in services. The amendment is attached as **Exhibit B** and is incorporated by reference. The objective of the Workforce Development Contract was to provide 100 patient care technicians and medical assistants to test COVID-19-exposed patients at mobile testing centers and thereby "address health care delivery and workforce development during the COVID-19 pandemic and beyond in the most vulnerable population of the city."

12. On or about May 19, 2021, the City entered into a $602,448 contract with CTAHI to open

a COVID-19 vaccination site in East Austin. This "Vaccine Contract" is attached as **Exhibit C** and is incorporated by reference.

13. Both the Workforce Development Contract and Vaccine Contract were reimbursable agreements under which the City agreed to reimburse CTAHI for actual, eligible expenses. *See* Workforce Development Contract, Ex. B.3, ¶¶ 9.2, 10.1; Vaccine Contract, Ex. B.3, ¶¶ 9.2, 10.1. CTAHI was required to provide the City with supporting documentation for each payment request. *See* Workforce Development Contract, Ex. B.3, ¶¶ 3.2, 4; Vaccine Contract, Ex. B.3, ¶¶ 3.2, 4. Under both the Workforce Development Contract and Vaccine Contract, CTAHI agreed to refund to the City any overpayments or funds not spent in accordance with the terms of the agreement. *See* Workforce Development Contract, Ex. B.3, ¶ 9.6; Vaccine Contract, Ex. B.3, ¶ 9.6. Under both the Workforce Development Contract and Vaccine Contract, CTAHI agreed to refund to the City any overpayments disclosed by an audit by the Office of the City Auditor or other authorized representative of the City. *See* Workforce Development Contract, ¶ 4.5.8.1; Vaccine Contract, ¶ 4.5.8.1.

14. CTAHI made reimbursement requests supported by falsified documentation, such as falsified invoices, bank statements, and QuickBooks reports. For example, CTAHI submitted a May 2021 invoice indicating CTAHI paid $68,100 for syringes and sharps, as well as an altered bank statement showing a $68,100 payment. CTAHI's authentic bank statements show CTAHI did not make this payment. To give another example, CTAHI submitted a March 2021 invoice indicating CTAHI paid $20,965 for laptop computers. The authentic invoice from the supplier shows CTAHI paid only $7,105 for the laptops.

15. The Office of the City Auditor ultimately found that CTAHI was improperly paid roughly $417,000. The City Auditor's report is attached as **Exhibit D** and is incorporated by reference.

16. Debtor personally participated in CTAHI's falsification of documents. Debtor submitted seven contract claims to the City that contained falsified expenses, including expenses for medical supplies and lab rental fees. Ex. D at 7. Document properties for one ledger containing falsified expenses indicated that Thomas-Hockaday created it. *Id.* Debtor admitted she did not review the contents of contract claims or other documents she provided to the City. *Id.* at 8.

17. In early 2022, the City demanded that CTAHI repay the overpayments within 30 days of demand, and CTAHI did not repay those amounts.

18. On or about June 28, 2022, CTAHI signed an agreement to repay the City in the amount of $375,861.14 as overpayments, with such payments to be made in installments. A payment of $25,057.40 was due immediately and monthly payments of $6,264.35 were due on the 14th of each month until paid in full. This "Letter Agreement" is attached as **Exhibit E** and is incorporated by reference. The Letter Agreement did not waive any of the City's rights under the Workforce Development Contract or Vaccine Contract and provided that the City could avail itself of any legal options if CTAHI failed to make payments in accordance with the Letter Agreement.

19. To date, the City has received one payment of $12,528.70 under the Letter Agreement. While the City received a check from CTAHI for $75,000, when the City deposited that check, it bounced. The principal balance due to the City under the Letter Agreement is $363,332.30 after all just and lawful offsets, credits and payments have been allowed.

## CAUSES OF ACTION

### COUNT 1: COMMON LAW AND STATUTORY FRAUD

20. Debtor made material, false representations to the City, including (1) that CTAHI had incurred certain expenses, and (2) certifications that all information provided to the City

to be reimbursed under the Workforce Development Contract and Vaccine Contract was correct. Debtor knowingly or recklessly made these representations. Debtor made the representations with the intent that the City rely on these representations by paying CTAHI based on the representations. The City relied on the representations by making payments based on them. As a result of the City's reliance on those representations, the City has been damaged, and the City is entitled to recover its resulting damages, including its expectation, reliance, and/or restitution damages, and is additionally entitled to a constructive trust placed on the money obtained through fraud.

**COUNT 2: NON-DISCHARGEABILITY OF DEBT UNDER § 523(a)(2)(A)**

21. Debtor is indebted to the City in the sum of at least $417,000. This debt is excepted from discharge under 11 U.S.C. § 727, by virtue of 11 U.S.C. § 523(a)(2)(A), because it is a debt for money and property obtained by Debtor through Debtor's false pretenses, false representation or actual fraud.

## PRAYER FOR RELIEF

The City requests that the Court:

a. Enter a judgment to the effect that the Debtor's debt to the City is nondischargeable; and

b. Enter such other and further relief as supported by the evidence and/or pleadings.

Dated: September 30, 2024

RESPECTFULLY SUBMITTED,

DEBORAH THOMAS, INTERIM CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

 /s/ *Elissa Hogan*
ELISSA ZLATKOVICH HOGAN
Assistant City Attorney
State Bar No. 24075337
City of Austin Law Department
P. O. Box 1546
Austin, Texas 78767-1546
elissa.hogan@austintexas.gov
Telephone (512) 974-2181
Facsimile (512) 974-1311

— and —

 /s/ *Jason Binford*
JASON BINFORD
State Bar No. 24045499
**ROSS, SMITH & BINFORD, PC**
2901 Via Fortuna, Bldg. 6, Suite 450
Austin, TX 78746
Telephone: (512) 351-4778
Facsimile: (214) 377-9409
jason.binford@rsbfirm.com

**ATTORNEYS FOR PLAINTIFF CITY OF AUSTIN**